**ELIZABETH P. BURRELL, Plaintiff**

v.

**MR. B'S PROPERTIES, INC., Defendant**

Civil No. 486-1971

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

November 12, 1971

Roy A. Anduze, Esq., *for the plaintiff-employee*

Kevin J. Butler, Esq., *for the defendant-employer*

HOFFMAN, *Judge*

### JUDGMENT

This matter, involving the claim made by a secretary against an ex-employer for salary due her, came on to be heard on October 20, 1971. Roy A. Anduze, Esq., represented the plaintiff-employee and Kevin J. Butler, Esq., represented the defendant-employer who filed a counter-

claim against the plaintiff. The Court after examining the testimony and the evidence makes the following:

## FINDINGS OF FACT

1. That the plaintiff began working for the defendant on January 4, 1971.

2. That the plaintiff provided secretarial services for the defendant and in exchange received from the defendant a salary plus the use of the defendant's premises, typewriter, utilities and post office box.

3. That the defendant by way of remuneration paid to the plaintiff the sum of $375.00 in the following amounts with notations:

| | | | |
|---|---|---|---|
| (1) January 21, 1971 | "Advance" | $ 20.00 |
| (2) January 26, 1971 | "Salary" | 230.00 |
| (3) February 2, 1971 | "Advance" | 125.00 |

4. That when the plaintiff ended her employment relationship with the defendant it was as a result of her own choice and not due to an involuntary discharge.

5. That neither party was able to establish or prove for the Court the date upon which the plaintiff's employment ceased. by a preponderance of the evidence.

6. That the plaintiff has failed to prove by a preponderance of the evidence that there are any payments owing to her for secretarial services for the defendant.

7. That the defendant has failed to establish by a preponderance of the evidence that there are any outstanding advances which were paid to the plaintiff and which are now due and owing to the defendant.

## CONCLUSIONS OF LAW

1. That the plaintiff is not entitled to any further payment from the defendant for services performed during the month of February and her complaint is hereby dismissed.

2. That the defendant is not entitled to any return of money advanced to the plaintiff as a salary and is further not entitled to be reimbursed for any money he may have paid for secretarial work performed by persons other than plaintiff. The defendant's counterclaim is therefore dismissed.

Let Judgment be entered accordingly dismissing the plaintiff's complaint and the defendant's counterclaim and without Costs or Attorneys Fees for either party.